UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**COREY D. WALLACE,**

        **Plaintiff,**

        v.                                   Case No. 24-C-1572

**MICHAEL PARKER,**
**CODY VANDE HEY, and**
**HEATHER HIGHLAND,**

        **Defendants.**

---

### DECISION AND ORDER GRANTING DEFENDANTS'
### MOTION FOR JUDGMENT ON THE PLEADINGS

---

Plaintiff Corey D. Wallace, proceeding *pro se*, filed a complaint in this action against Defendants Brillion Police Department Officer Michael Parker, Calumet County Sheriff's Office Deputy Cody Vande Hey, and Calumet County Assistant District Attorney Heather Highland on December 6, 2024. Plaintiff's claim against Defendant ADA Highland was dismissed by the court's screening order. Dkt. No. 6. This matter is before the court on Defendants Michael Parker and Cody Vande Hey's motion for judgment on the pleadings. Dkt. No. 21. Plaintiff has not responded to the motion and the time to do so has passed. For the reasons that follow, Defendants' motion will be granted, and the case will be dismissed.

### LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (citing

*Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Thus, the court draws all reasonable inferences and views all facts in the light most favorable to the plaintiff. *Milwaukee Police Ass'n v. Flynn*, 863 F.3d 636, 640 (7th Cir. 2017). But it is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). To survive a motion for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Dismissal under Rule 12 is appropriate when an affirmative defense appears on the face of the complaint." *Jackson v. Gantner*, No. 21-CV-0640-BHL, 2022 WL 981121, at *1 (E.D. Wis. Mar. 30, 2022) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

The general rule is that matters outside the pleadings may not be considered by the court in deciding a motion to dismiss or for judgment on the pleadings unless the motion is treated as a motion for summary judgment. Fed. R. Civ. P. 12(d). An exception to this rule exists, however, for documents that a plaintiff fails to attach to the complaint, but which are referred to in the plaintiff's complaint and are central to his claim. *See Wright v. Associated Ins. Co., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss.").

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint alleges that on January 28, 2024, Plaintiff "exchanged words" with his wife, Natasha Wallace, over his purchase of food from McDonald's and Dairy Queen and the money needed to buy toilet paper at their residence in Brillion, Wisconsin. Compl., Dkt. No. 1-2 at 1. While Natasha called the Brillion Police Department, Plaintiff called the Calumet County

2

Sheriff's Office to report that Natasha had threatened him. Officer Michael Parker of the Brillion Police Department and Deputy Cody Vande Hey of the Calumet County Sheriff's Office responded to the scene and questioned Plaintiff and his spouse. *Id.* at 1–2. Plaintiff then alleges that Officer Parker and Deputy Vande Hey had a brief discussion and determined the altercation presented "grounds for [Plaintiff's] mandatory arrest." *Id.* Plaintiff was then placed under arrest. *Id.* at 2.

Plaintiff was charged with two counts of disorderly conduct with a domestic abuse modifier—one concerned the events of January 28, 2024, and another concerned events from an earlier incident on January 24, 2024. A jury found Plaintiff not guilty of Count One (the January 24, 2024 incident) and guilty of Count Two (the January 28, 2024 incident). *Id.* at 2; *see also* Dkt. No. 23-2 at 1. In its screening order, the court interpreted Plaintiff's complaint to be asserting that Defendants did not have probable cause to arrest Plaintiff under 42 U.S.C. § 1983. *See* Dkt. No. 6 at 4.

## ANALYSIS

Defendants assert that Plaintiff's lawsuit challenging whether there was probable cause for his arrest is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because the facts alleged would invalidate his criminal conviction. Dkt. No. 22 at 4. In determining whether a civil claim is *Heck*-barred, courts must assess the relationship between the civil claim and the criminal conviction. *McCann v. Neilsen*, 466 F.3d 619, 621–22 (7th Cir. 2006). "[W]here the grounds for the conviction flow from the same facts underlying the allegations of false arrest, the claim is barred by *Heck*." *Szach v. Vill. of Lindenhurst*, No. 14 C 7441, 2015 WL 3964237, at *7 (N.D. Ill. June 25, 2015).

Here, Plaintiff was found guilty of disorderly conduct with a domestic abuser modifier. Wisconsin law defines "disorderly conduct" as follows: "Whoever, in a public or private place,

engages in violent, abusive, indecent, profane, boisterous, unreasonably loud or otherwise disorderly conduct under circumstances in which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor." Wis. Stat. § 947.01. Wisconsin Statute § 968.075(1)(a) is a modifier for the above that applies when an individual engaged in disorderly conduct directed against a spouse.

The grounds for Plaintiff's conviction were the same grounds that caused Defendants to arrest him and the same grounds on which Plaintiff's current claim is based. Plaintiff's assertions that the officers did not have probable cause directly contradict the jury's finding of guilt in the criminal case arising from the same incident. Because a civil judgment in his favor cannot be permitted to render invalid the criminal conviction, *Heck v. Humphrey* bars Plaintiff's suit. 512 U.S. at 486–87; *see also Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("[T]he outstanding criminal judgment . . . as long as it stands, blocks any inconsistent civil judgment.").

## CONCLUSION

For the above reasons, Defendants' motion for judgment on the pleadings (Dkt. No. 21) is **GRANTED**. This case is dismissed. The clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 4th day of November, 2025.

_____
William C. Griesbach
United States District Judge